## PUSHPAMALAR SATCHITHANANTHAN, Petitioner,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70211.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Nov. 21, 2006.

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

Before KENNEDY **, HALL and HAWKINS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Cornelia G. Kennedy, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

MEMORANDUM \*\*\*

Pushpamalar Satchithananthan, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition in part and dismiss in part. Because the parties are familiar with the facts, we do not recount them here.

Substantial evidence supports the BIA's adverse credibility determination. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000). Agent Schultz testified that Satchithananthan has been identified by name as a key member of a smuggling ring. In light of this evidence, a reasonable factfinder would not be compelled to credit Satchithananthan's testimony in the absence of any corroborative evidence. *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir.2003). Indeed, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Given that Satchithananthan has corresponded with her Canadian family since coming to the United States, such corroboration was "easily available." *See Chebchoub v. INS*, 257 F.3d 1038, 1044–45. Because the IJ's determinations that: (1) there were "weaknesses in the record" sufficient to raise doubts about Satchithananthan's credibility; and (2) Satchithananthan failed to produce easily available corroboration are supported by substantial evidence, "we are bound to accept the IJ's credibility ruling." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th

Cir.2004) (quoting *Wang*, 352 F.3d at 1259).

In the absence of credible testimony, Satchithananthan failed to meet her burden of demonstrating eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review Satchithananthan's claim for relief under the Convention Against Torture because she failed to exhaust the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We therefore dismiss this claim.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.